UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PAUL JOHNSON,

                                Plaintiffs,

    -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE SGT. DERRICK GARCIA,
SGT. TREVOR BARONETTE, OFFICER
FRANCES URENA AND OFFICER DEREK
EPSTEIN, EACH SUED INDIVIDUALLY
AND IN HIS/HER OFFICIAL CAPACITY,

                                Defendants.

-----------------------------------------------------------X

14-CV-1601(WFK)(VVP)

SECOND AMENDED
COMPLAINT
AND DEMAND
FOR A JURY TRIAL

    1.   This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for state law claims for false arrest, and assault, battery, and negligence by reason of the unlawful acts of defendants.

### JURISDICTION

    2.   This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

### PARTIES

    3.   Plaintiff is a resident of New York City, Kings County, State of New York.

    4.   At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment.

They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about February 23, 2013, at about 4:30 p.m. plaintiff was in Brooklyn, New York, on his way from his home at 14 Kosciuszko Street to buy some food for his daughter.

10. At that time, plaintiff was stopped for no lawful reason by two non-uniformed police officers, Sgt Baronette and Officer Urena, who proceeded to slam him into a gate and search his pockets.

11. Plaintiff thought he was being robbed.

12. Plaintiff protested, and asked what was going on.

13. Officer Urena stated, "Stop moving. Police."

14. Plaintiff asked for identification, and Urena flashed her badge from around her neck.

15. Plaintiff repeated his request for identification. Sgt. Baronette stated, "My fucking ID will be on your arrest report.

16. Plaintiff stated, "Wee, arrest me then."

17. Instead, the police let him go.

18. Plaintiff called 911 on his cell phone.

19. A few minutes later a police car (#5658) occupied by Sgt. Garcia and Derek Epstien drove up but they refused to take a report.

20. Plaintiff's back was injured during the assault which required treatment at the HIP Center where x-rays were negative. Pain medication was prescribed.

21. The police used unreasonable and excessive force in stopping and detaining plaintiff causing him physical injuries.

22. As a result of this assault and battery, and violation of his civil rights, plaintiff suffered various physical and psychological injuries.

23. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

24. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take proper steps to eliminate such unlawful acts.

25. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

26. On April 4, 2013, a Notice of Claim was served upon the Defendant New York City, setting forth:

1. The name and post office address of the Claimant and his attorney;

2. The nature of the claim;

3. The time when, the place where, and the manner in which the claim arose;

4. The items of damages and injuries sustained so far as practicable.

27. The Notice of Claim was served upon the Defendants within 90 days after plaintiffs' several causes of action accrued.

28. More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

29. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

30. Plaintiff was available for an inquiry concerning the justness of his claims as provided by § 50-H of the General Municipal Law.

31. This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

32. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FIRST CAUSE OF ACTION FOR FALSE ARREST
(42 U.S.C. § 1983)

33. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

34. As a result of their actions, Defendants, under "Color of law", deprived plaintiffs of their right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

35. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

36. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE
(42 U.S.C. § 1983)

37. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

38. As a result of their actions, Defendants, acting under "Color of law", deprived plaintiffs of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

39. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

40. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

41. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
(Invasion of Privacy)

42. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

43. As a result of their actions, Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in that his seizure was

based upon a violation of his right to privacy and the search was conducted in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

44. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

45. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

FOURTH CAUSE OF ACTION FOR
VIOLATION OF STATE LAW: FALSE ARREST

46. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

47. Plaintiff while lawfully in Brooklyn, New York, was seized and falsely arrested and imprisoned without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees.

48. These Defendant were employed by the Defendants City, and was acting within the scope of their employment, "under color of law", and on behalf of their employers, Defendant City.

49. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

FIFTH CAUSE OF ACTION FOR VIOLATION
OF STATE LAW: ASSAULT AND BATTERY

50. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

51. At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

52. By reason of said assault and battery, including an unlawful strip-search at the precinct, Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

53. The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
(Conspiracy and/or "Deliberate Indifference")

54. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

55. As a result of their actions, Defendants, under "color of law", conspired to deprive plaintiff of his civil rights, in that each of these four officers acted to thwart plaintiff's ability to identify their identities, thus preventing him from seeking proper grievance of his claims.

56. As stated above, Sgt. Baronette and Officer Urena each refused to provide plaintiff with their names or shield numbers.

57. Moments later, Sgt. Garcia and Officer Epstein refused to take a report from plaintiff or properly investigate his claim of police misconduct.

58. Lastly, neither Sgt. Garcia nor Officer Epstein filled out their memo books or any other police paperwork as required by NYPD guidelines.

59. The conduct herein constitutes a conspiracy and/or evidence of deliberate indifference to whether the civil rights of plaintiff were being violated, and amounts to conduct in furtherance of said violations of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

60. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

61. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendant officers for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants officers for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

   a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

   b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
August 21, 2014

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
Phone: (212) 941-8330

Fax: (646) 810-4031
sahoffner@aol.com
(SH-0585)

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated:     New York, New York
           August 21, 2014

_____/s/_____
STEVEN A. HOFFNER, Esq.
(SH-0585)